**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian G. Doherty,<br><br>  Plaintiff,<br><br>vs.<br><br>Certified Financial Planner Board of Standards, Inc.,<br><br>  Defendant. | No. CV-12-01920-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 5) pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

**I.  LEGAL STANDARD**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to

legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Certain elements of fraud claims must satisfy a higher standard of pleading under the Federal Rules of Civil Procedure. In alleging fraud or mistake, malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, but the circumstances must be alleged with particularity. Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Plaintiffs alleging fraud "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *accord Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, material properly submitted as part of the complaint and documents not physically attached to the complaint whose contents are alleged in a complaint and whose authenticity no party questions may be considered. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

**II.   ANALYSIS**

    **A.   Fraud**

The Complaint alleges that Defendant committed common law fraud by issuing a suspension order "in a manner directly contrary to its published disciplinary rules and

regulations," "failing to arrange a hearing fairly and honestly so that the licensee was afforded due process," and scheduling a final hearing "based upon filings which unmistakably establish bias against the plaintiff." Plaintiff contends that Florida substantive law applies, but he cites no authority showing that his pleading sufficiently alleges a fraud claim under Florida law. Regardless of whether Arizona or Florida substantive law applies, under federal procedural law, these allegations do not state a claim for fraud upon which relief can be granted.

### B. Due Process

An action may be brought under 42 U.S.C. § 1983 for deprivation of constitutional rights against a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." Plaintiff contends that he may bring a § 1983 action against Defendant because Defendant has "in essence" "contracted with the federal government for the use of trademarks and service marks." Merely contracting with the federal government does not make Defendant a state actor, nor does it mean that Defendant was acting under color of state law when it allegedly deprived Plaintiff of his due process rights. Therefore, the Complaint fails to state a due process claim upon which relief can be granted.

### C. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although it appears futile for Plaintiff to amend his fraud and due process claims, it is possible that he could plead some other claim based on the alleged facts. Therefore, he will be granted leave to file an amended complaint if he chooses.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 5) is granted.

IT IS FURTHER ORDERED that the Complaint is dismissed with leave to file an amended complaint by November 30, 2012, if Plaintiff so chooses. If Plaintiff does not file an amended complaint by November 30, 2012, the Clerk shall enter judgment dismissing this action with prejudice and shall terminate this case.

Dated this 13th day of November, 2012.

_____
Neil V. Wake
United States District Judge