**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian G. Doherty, | No. CV-12-01920-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Certified Financial Planner Board of Standards, Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss Second Amended Complaint (Doc. 14), which expressly seeks dismissal under Fed. R. Civ. P. 12(b)(6).

**I.   PROCEDURAL BACKGROUND**

On September 11, 2012, Plaintiff filed his initial Complaint, alleging common law fraud and violation of his right to due process. On November 13, 2012, the Court dismissed the Complaint with leave to amend because it failed to state a claim upon which relief can be granted. On November 30, 2012, Plaintiff filed a First Amended Complaint, alleging common law fraud, breach of the implied covenant of good faith and fair dealing, tortious interference with a business relationship, and illegal business conspiracy. On January 3, 2013, the Court dismissed the First Amended Complaint without further leave to amend the claims previously alleged, but with leave to amend the complaint one further time to characterize Plaintiff's claim as for breach of contract, specifically, Article 4, Section 5.6 of the Disciplinary Rules and Procedures of the Code

of Ethics and Professional Responsibility. On January 11, 2013, Plaintiff filed his Second Amended Complaint.

## II. LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, a court may consider evidence on which the complaint necessarily relies if (1) the complaint refers to the document, (2) the document is central to the plaintiff's claim, and (3) no party questions the authenticity of the copy of the document submitted to the court. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

## III. FACTS ASSUMED TO BE TRUE

In 1994, Plaintiff acquired the right to use certain trademarks and service marks registered to the Defendant, which allowed him to hold himself out to the public as a Certified Financial Planner™ ("CFP®"). He practiced as a CFP® until March 2011 when his right to use the marks was suspended. In 1998, a complaint against Plaintiff was submitted to Defendant, which resulted in the issuance of a Private Censure to Plaintiff. In September 2007, a complaint against Plaintiff was submitted to Defendant and to the Florida Bar regarding Plaintiff's representation of an elderly client as her attorney and financial advisor, including making a number of changes to her investments and estate planning documents shortly before her death.

On January 11, 2011, Defendant directed Plaintiff to show cause why his right to use the CFP® marks should not be placed on interim suspension pending the completion of Defendant's investigation. On February 21, 2011, Defendant's Disciplinary and Ethics Commission ("the Commission") held a show cause hearing. Article 4, Section 5.6 of Defendant's *Disciplinary Rules and Procedures* states:

> An interim suspension will be issued when the Commission determines that the certificant or registrant has failed to provide evidence which establishes, by a preponderance of the evidence, that the certificant or registrant does not pose an immediate threat to the public and that the gravity of the nature of the certificant's or registrant's conduct does not impinge upon the stature and reputation of the marks.

On March 11, 2011, the Commission issued its decision that Plaintiff failed to meet his burden of proof to establish why his certification should not be suspended during the pendency of Defendant's investigation. After considering the evidence presented during the show cause hearing, the Commission determined that Plaintiff's conduct did not pose an immediate threat to the public because the main conduct at issue involved conduct occurring in 2006 and there were no other recent client issues reported. However, the Commission found that the gravity of the nature of Plaintiff's conduct impinged upon the stature and reputation of the CFP® marks. Because Plaintiff failed to provide evidence to establish both that he did not pose an immediate threat to the public and that the gravity of his conduct does not impinge upon the stature and reputation of the marks, the Commission suspended Plaintiff's right to use the marks pending the outcome of Defendant's investigation.

The Commission's March 11, 2011 Interim Suspension Order describes in detail the misconduct which caused the Commission to be deeply concerned. On February 19, 2010, the Florida Bar filed a complaint against Plaintiff in the Supreme Court of Florida, and on December 17, 2010, the referee appointed to the matter recommended that Plaintiff be disbarred. The referee found that Plaintiff "served simultaneously as an

estate planner, trustee and successor trustee, financial products salesperson, personal representative and an attorney for a client." In his response to the Florida Bar investigation, Plaintiff admitted that, after his recently widowed client learned in the last week of July 2006 that her cancer had returned, he drafted estate planning documents for her effecting the following:

> inserting himself as personal representative under a new will; inserting himself as executor of [the client's] estate; inserting himself as trustee of [the client's] trust, replacing a corporate trustee that was inserted 3 years prior to the change; and creating and inserting himself as successor trustee of two new trusts. . . .

These documents were executed on August 10, 2006, and Plaintiff's client passed away on August 19, 2006. The referee also found that Plaintiff billed and received $7,500 for making changes to the estate and $22,000 in advance fees for future trustee services, which he never provided because the client's family's challenge to his appointment caused him to resign as trustee. Rather than refund the $22,000, however, Plaintiff credited it toward legal bills the trusts incurred as a result of Plaintiff defending his appointment as trustee and filed a claim against the estate to recover the outstanding legal fees. The referee also found that in 1997 and 1998, Plaintiff was suspended from the practice of law in New Hampshire, Florida, and Massachusetts because he ignored several court orders requiring him to return a retainer fee. In 2001, the Massachusetts Bar denied Plaintiff reinstatement after the suspension upon finding Plaintiff caused several Form U-4s to be filed in which he made material misrepresentations and omissions. In addition to his disciplinary history, the referee found as aggravating factors that Plaintiff acted with a selfish motive, refused to acknowledge the wrongful nature of his misconduct, and had substantial experience in the practice of law. The referee did not find any mitigating factors.

On January 17, 2012, the Supreme Court of Florida approved the referee's recommendation and disbarred Plaintiff effective February 16, 2012. It held that Plaintiff

violated ethical rules by failing to disclose his financial interest in certain transactions to the client in writing, his actions amounted to egregious misconduct, and his conduct created a clear conflict of interest. He advised his client to select various means of estate planning and wealth management that would earn him a personal financial benefit, and he participated in a business transaction with his client without disclosing his substantial interest in the transaction.

On August 21, 2012, as a result of its investigation, Defendant determined there was probable cause to submit a complaint to the Commission alleging violations of Defendant's *Code of Ethics* and seeking discipline under Defendant's *Disciplinary Rules and Procedures*.

**IV.    ANALYSIS**

Plaintiff's Second Amended Complaint alleges that a contract was formed when Plaintiff acquired the right to use Defendant's marks and that Defendant breached the contract by issuing the interim suspension in violation of Article 4, Section 5.6 of Defendant's *Disciplinary Rules and Procedures*. As alleged, Section 5.6 required Defendant to issue an interim suspension if the Commission determined that Plaintiff failed to provide evidence which established, by a preponderance of the evidence, that he does not pose an immediate threat to the public and that the gravity of the nature of his conduct does not impinge upon the stature and reputation of Defendant's marks. As alleged, Defendant complied with Section 5.6 by issuing an interim suspension because the Commission found that Plaintiff did not establish that the gravity of the nature of his conduct does not impinge upon the stature and reputation of Defendant's marks.

Plaintiff's Second Amended Complaint further alleges "the hearing panel failed to articulate how the plaintiff had engaged in actual conduct that impinged upon the stature and reputation of the defendant's federally registered marks." However, as summarized above, the Commission's March 11, 2011 Interim Suspension Order articulates in great detail Plaintiff's actual conduct—which he admitted to the Florida Bar—that impinged

upon the stature and reputation of Defendant's marks. The Interim Suspension Order also states:

> The Commission is deeply concerned, however, about the potential conflicts of interest present in [Plaintiff's] service to his client and [Plaintiff's] failure to provide any disclosures regarding the conflicts of interest. In particular, the Commission was concerned about [Plaintiff's] own admission that he did not believe that his outstanding financial obligations with Conseco represented a conflict of interest when he recommended Conseco products to Mrs. Smith.

Therefore, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## V.   LEAVE TO AMEND

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Plaintiff already has been given two opportunities to amend his complaint and has failed to state a claim upon which relief can be granted. No further leave to amend will be granted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Second Amended Complaint (Doc. 14) is granted.

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint (Doc. 13) is dismissed with prejudice for failure to state a claim upon which relief can be granted.

//
//
//

IT IS FURTHER ORDERED that the Clerk shall enter judgment dismissing this action with prejudice and shall terminate this case.

Dated this 6th day of March, 2013.

_____
Neil V. Wake
United States District Judge